■ Marine Midland Bank, N. A., Appellant, v Jerry Hamam, Inc., et al., Respondents.—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Fallon, J. (Appeal from order of Supreme Court, Niagara County, Fallon, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.

■ Norstar Bank, National Association, Appellant, v Eastwood Associates and Professional Enterprises, Inc., et al., Respondents, et al., Defendants. (Appeal No. 1.)—Order insofar as appealed from unanimously reversed on the law without costs and motions against defendants James J. Michalek, Leo M. Michalek, Jr., and Daniel Tenerowicz granted. Memorandum: In these separate actions to foreclose mortgages on two properties and to collect deficiency judgments against the corporate borrower and three individual guarantors, plaintiff bank appeals from those portions of the orders that denied its motions for summary judgment against the guarantors. The court erred in denying the bank's motions for summary judgment against all guarantors. The guarantors' defenses and contentions in opposition to the bank's motions are legally insufficient to defeat them. Those contentions, most of which are mere conclusory allegations lacking in evidentiary support, contravene the unequivocal and unconditional language of the guarantees. In particular, the documents expressly guarantee "payment", not merely "collection"; state that they are "collateral [to] independent of and in addition to any other security, collateral, endorsement or guarantee held by the Bank"; provide that the guarantors' liability thereunder is "direct, immediate", "absolute", and unconditional; stipulate that the liability of the guarantors "shall not be impaired, altered or otherwise affected" by any act or omission on the bank's part "whatsoever"; and, finally, provide that the bank's right to enforce the guarantees shall not be "modified, limited or waived by * * * any course of conduct". Because the guarantors' contentions are lacking both in legal merit and in factual support, there is no basis for denying summary judgment to the bank.

In light of our disposition, it is unnecessary to address the bank's contention that the court abused its discretion in severing the claims. (Appeal from order of Erie County Court, Drury, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.